**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:   (415) 651-9700
*Attorneys for Plaintiff*,
Erica Washington

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| ERICA WASHINGTON; | Case No.: 3:20-cv-02730 |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **DEMAND FOR JURY TRIAL** |
| **THE HERTZ CORPORATION and JNR ADJUSTMENT COMPANY, INC.;** | |
| Defendants | |

///

///

///

///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. Hertz and their debt collection agency, JNR Adjustment, have hounded and continue to pursue Erica Washington for $60 she doesn't owe – despite being informed that she doesn't owe it.

2. **ERICA WASHINGTON** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, attorneys' fees, and costs, against **THE HERTZ CORPORATION and JNR ADJUSTMENT COMPANY, INC.** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331,

which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendants' violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA").

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## FDCPA AND RFDCPA

10. In enacting the FDCPA, Congress found that:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and

to promote consistent State action to protect Consumers against debt collection abuses.  15 U.S.C. § 1692.

11. Similarly, when enacting the RFDCPA, the California Legislature found that:
    The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  Cal. Civil Code § 1788.1(a)(1).

12. The FDCPA and the RFDCPA are both strict liability statutes.  That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability.  *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

13. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard.  *Gonzales* at 1061.  This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence.  *Id.*  In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication.  Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled.  *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## INTRADISTRICT ASSIGNMENT

14. Intradistrict assignment to the SAN FRANCISCO DIVISION is proper because this case's category is not excepted by Civil L.R. 3-2(c) and a substantial part of

the events or omissions which give rise to the claim occurred in the county of SAN FRANCISCO.

## PARTIES

15. Plaintiff is a natural person who resides in the County of San Francisco, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and "Debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendant The Hertz Corporation (hereinafter "Defendant Hertz") is a Delaware corporation operating from an address of 8501 Williams Rd, Estero, FL 33928, and is a "Debt Collector" as that term is defined by Cal. Civ. Code § 1788.2(c) because it is a person who, in the ordinary course of business, regularly, on behalf of that person or others, engages in debt collection. It operates its business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. It was acting as a debt collector as to the allegedly delinquent consumer debt it attempted to collect from Plaintiff.

17. Defendant JNR Adjustment Company, Inc. (hereinafter "Defendant JNR") is a Minnesota corporation operating from an address of 3300 Fernbrook Lane North, Suite 225, Plymouth, MN 55447, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

18. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action

arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

19. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned Named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## FACTUAL ALLEGATIONS

20. Plaintiff is an individual residing in the County of San Francisco in the State of California.

21. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.

22. Defendant Hertz's business consists largely of the collection of debts from consumers to whom it rents vehicles.

23. Defendant JNR's business consists solely of the collection of delinquent consumer debts.

24. On September 4, 2019, Plaintiff booked a rental car with Defendant Hertz for the dates 10/25/2019 through 10/27/2019.

25. On September 4, 2019, Plaintiff pre-paid, in full, $138.27 for this rental to Defendant Hertz.

26. On October 23, 2019, Plaintiff changed her reservation so that the dates of the rental from Defendant Hertz were from 10/26/2019 through 10/27/2019. This changed the total due to Defendant Hertz to $77.92.

27. On October 23, 2019, Plaintiff received an e-mail from Defendant Hertz stating that she would receive a refund of $60.35.

28. On October 24, 2019, Plaintiff again changed her reservation so that the dates of the rental from Defendant Hertz were from 10/25/2019 through 10/27/2019 – the same as her original reservation.

29. On October 24, 2019, Plaintiff received an e-mail from Defendant Hertz stating that she had previously paid $77.82 (not $138.27), and that her card would be charged $82.63.

30. Plaintiff's card was not charged $82.63, but rather her card was charged $22.68 on 10/26/2019, and $38.14 on 10/27/2019 by Defendant Hertz.

31. As of 10/27/2019, Plaintiff had paid a total of $199.09 to Defendant Hertz for a rental that was supposed to cost $138.27.

32. As of 10/27/2019, Plaintiff had not received her refund of $60.35 from Defendant Hertz.

33. In November 2019, Plaintiff contacted Defendant Hertz to notify them that she had not received her refund of $60.35.

34. On November 15, 2019, Plaintiff received an e-mail from Defendant Hertz confirming that Defendant Hertz had never issued the $60.35 credit to Plaintiff, and that it would process the refund immediately.

35. On November 18, 2019, Plaintiff received a credit from Defendant Hertz in the amount of $60.35.

36. On November 22, 2019, Plaintiff received a second credit from Defendant Hertz in the amount of $60.35.

37. On December 6, 2019, Plaintiff received a letter from Defendant Hertz stating that Plaintiff owed them $60.35 because she had only paid $77.92 for the rental that was supposed to cost $138.27.
    a. The only reason Plaintiff owed the $60.35 as of the December 6, 2019, letter was because Defendant refunded Plaintiff $60.35 twice, instead of

1  once.

38. On December 12, 2019, Defendant Hertz re-billed Plaintiff for $60.35 – which properly paid back Defendant Hertz for its double refund of $60.35, and should have left Plaintiff's "account" with Defendant Hertz at a $0 balance.

39. As of December 12, 2019, Plaintiff had paid Defendant Hertz $138.34 for the 10/25/2019 through 10/27/2019 car rental, which cost $138.27.

40. On January 14, 2019, in response to Defendants dunning letter of December 6th, Plaintiff emailed Defendant Hertz informing them of their incorrect attempts to collect $60.35 from her when she did not owe it.

41. On February 29, 2020, Defendant Hertz sent Plaintiff a letter stating "we previously requested full payment on your account, which remains unpaid," and demanded that Plaintiff pay $60.35 again.

42. Plaintiff checked her records again and confirmed that she did not owe any money to Hertz because she had paid them $138.74 for the rental from 10/25/2019-10/27/2019.

43. On March 9, 2020, Plaintiff received a letter from Defendant Hertz stating that it had cancelled all of her rental and authorized operator privileges and any memberships she had with them due to her "failure to pay the outstanding charges owed by you to Hertz."

44. On March 16, 2020, Plaintiff received a letter from Defendant JNR demanding payment of $60.35 to Defendant Hertz, stating that the account had been listed with Defendant JNR for collections.

45. As of the filing of this complaint, Hertz and JNR are still attempting to collect $60.35 from Plaintiff.

## ACTUAL DAMAGES

46. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of, pecuniary loss, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive

time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF § 1692E OF THE FDCPA

## [AGAINST DEFENDANT JNR]

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49. A debt collector violates § 1692e(2)(a) of the FDCPA when it falsely represents the character, amount, and/or legal status of a debt in connection with the collection of such debt.

50. Defendant JNR violated § 1692e when it, among other qualifying actions and omissions, willfully misrepresented the character, amount, and legal status of the debt when it consistently attempted to collect $60.35 from Plaintiff when she did not owe the debt.

51. On September 4, 2019, Plaintiff paid Defendant Hertz $138.27. On October 26, 2019, Plaintiff paid Defendant Hertz $22.28. On October 27, 2019, Plaintiff paid Defendant Hertz $38.14. In total, as of October 27, 2019, Plaintiff paid Defendant Hertz $198.69 for a rental that should have cost $138.27.

52. On November 18, 2019, Defendant Hertz refunded Plaintiff $60.35. On November 22, 2019, Defendant refunded Plaintiff $60.35 a second time. On December 12, 2019, Defendant Hertz re-billed Plaintiff $60.35. As of December 12, 2019, Plaintiff paid Defendant Hertz $138.34 for a rental that should have cost $138.27.

## COUNT II

### VIOLATION OF § 1692F OF THE FDCPA

### [AGAINST DEFENDANT JNR]

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. A debt collector violates § 1692f of the FDCPA when it uses unfair or unconscionable means to collect or attempt to collect any debt.

55. A debt collector violates § 1692f(1) of the FDCPA when it collects or attempts to collect any amount unless such amount is authorized by agreement or permitted by law.

56. Defendant violated § 1692f when it, among other qualifying actions and omissions, willfully and without justification, attempted to collect an additional $60.35 from Plaintiff, which amount was not authorized by agreement or permitted by law.

57. On September 4, 2019, Plaintiff paid Defendant Hertz $138.27. On October 26, 2019, Plaintiff paid Defendant Hertz $22.28. On October 27, 2019, Plaintiff paid Defendant Hertz $38.14. In total, as of October 27, 2019, Plaintiff paid Defendant Hertz $198.69 for a rental that should have cost $138.27.

58. On November 18, 2019, Defendant Hertz refunded Plaintiff $60.35. On November 22, 2019, Defendant refunded Plaintiff $60.35 a second time. On December 12, 2019, Defendant Hertz re-billed Plaintiff $60.35. As of December 12, 2019, Plaintiff paid Defendant Hertz $138.34 for a rental that should have cost $138.27.

## COUNT III

### VIOLATION OF § 1788.17 OF THE RFDCPA

### [AGAINST ALL DEFENDANTS]

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

61. Defendant JNR violated § 1788.17 of the RFDCPA when it willfully engaged in conduct, the natural consequence of which is the violation of 15 U.S.C. § 1692e and § 1692f.

62. Defendant Hertz violated §1788.17 of the RFDCPA when it willfully engaged in conduct, the natural consequence of which is the violation of 1692e and § 1692f as follows:

    a. A debt collector violates § 1692e(2)(a) of the FDCPA when it falsely represents the character, amount, and/or legal status of a debt in connection with the collection of such debt.

        i. Defendant Hertz violated § 1692e when it, among other qualifying actions and omissions, willfully misrepresented the character, amount, and legal status of the debt when it consistently attempted to collect $60.35 from Plaintiff when she did not owe the debt.

        ii. On September 4, 2019, Plaintiff paid Defendant Hertz $138.27. On October 26, 2019, Plaintiff paid Defendant Hertz $22.28. On October 27, 2019, Plaintiff paid Defendant Hertz $38.14. In total, as of October 27, 2019, Plaintiff paid Defendant Hertz $198.69 for a rental that should have cost $138.27.

        iii. On November 18, 2019, Defendant Hertz refunded Plaintiff $60.35. On November 22, 2019, Defendant refunded Plaintiff $60.35 a second time. On December 12, 2019, Defendant Hertz re-billed Plaintiff $60.35. As of December 12, 2019, Plaintiff paid Defendant Hertz $138.34 for a rental that should have cost $138.27.

    b. A debt collector violates § 1692f(1) of the FDCPA when it collects or attempts to collect any amount unless such amount is authorized by

agreement or permitted by law.

    i. Defendant Hertz violated § 1692f when it, among other qualifying actions and omissions, willfully and without justification, attempted to collect an additional $60.35 from Plaintiff, which amount was not authorized by agreement or permitted by law.

    ii. On September 4, 2019, Plaintiff paid Defendant Hertz $138.27. On October 26, 2019, Plaintiff paid Defendant Hertz $22.28. On October 27, 2019, Plaintiff paid Defendant Hertz $38.14. In total, as of October 27, 2019, Plaintiff paid Defendant Hertz $198.69 for a rental that should have cost $138.27.

    iii. On November 18, 2019, Defendant Hertz refunded Plaintiff $60.35. On November 22, 2019, Defendant refunded Plaintiff $60.35 a second time. On December 12, 2019, Defendant Hertz re-billed Plaintiff $60.35. As of December 12, 2019, Plaintiff paid Defendant Hertz $138.34 for a rental that should have cost $138.27.

## COUNT IV

### VIOLATION OF § 1812.700 OF THE RFDCPA

### [AGAINST ALL DEFENDANTS]

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. A defendant violates § 1812.700 of the RFDCPA when it fails to provide the notice contained in this section to an alleged debtor along with the first written notice initially addressed to a California address of the alleged debtor in connection with collecting the debt by a third-party debt collector.

65. Although Plaintiff received an initial written notice from Defendant Hertz addressed to her California address in connection with collecting the debt that is the subject of this Complaint, it contained no such required notice.

66. Although Plaintiff received an initial written notice from Defendant JNR addressed to her California address in connection with collecting the debt that is the subject of this Complaint, it contained no such required notice.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against each Defendant and for Plaintiff, and,

b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against each Defendant and for Plaintiff, and,

c) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against each Defendant and for Plaintiff, and,

d) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against each Defendant and for Plaintiff, and,

e) Award to Plaintiff of such other and further relief as may be just and proper.

## CERTIFICATION OF INTERESTED PARTIES

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

BY: /S/ LAUREN B. VEGGIAN
LAUREN B. VEGGIAN, ESQ.

## TRIAL BY JURY IS DEMANDED.

67. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: April 20, 2020

THE CARDOZA LAW CORPORATION

BY:   /S/ LAUREN B. VEGGIAN
MICHAEL F. CARDOZA, ESQ.
LAUREN B. VEGGIAN, ESQ.
ATTORNEYS FOR PLAINTIFF,
ERICA WASHINGTON

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104